UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOMINIQUE MOORE,

                         Petitioner,                Case No. 1:23-cv-11678

v.

JOHN CHRISTIANSEN,                      Honorable Thomas L. Ludington
                                                                                       United States District Judge

                         Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE**

Petitioner Dominique Moore is imprisoned at the St. Louis Creek Correctional Facility. He has filed a "Motion Stay and Abeyance," seeking to initiate and to stay a *habeas corpus* proceeding under 28 U.S.C. § 2254 while he exhausts his state-court remedies. Because the pleading is insufficient to initiate a habeas proceeding, the case will be summarily dismissed.

I.

Petitioner's pleading does not indicate the cause of his incarceration. Yet he cites a Michigan Supreme Court case, which shows he was convicted by a jury in the Third Circuit Court of Wayne County for armed robbery and other offenses. ECF No. 1 at PageID.1. Petitioner asserts that his direct appeal ended on April 4, 2023, when the Michigan Supreme Court denied his application for leave to appeal his conviction. *Id.*; *see also People v. Moore*, 986 N.W.2d 906 (Mich. 2023) (mem.). Petitioner states that he has since filed a motion for relief from judgment in the trial court. ECF No. 1 at PageID.1.

II.

Federal courts must dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir.

1999) ("Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false." (citing *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993))); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. A habeas petition filed under § 2254 must:

> (1) specify all the grounds for relief available to the petitioner,
> (2) state the facts supporting each ground,
> (3) state the relief requested,
> (4) be printed, typewritten, or legibly handwritten, and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

§ 2254 Rules, Rule 2; *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." (citing *Picard v. Connor*, 404 U.S. 270 (1971))). "Notice pleading" is not sufficient. *See* § 2254 Rules advisory committee's note to Rule 4; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Civil Rule 8(a)).

Petitioner's motion does not meet any of the minimum requirements for commencing a habeas case. He does not state any grounds for habeas relief, the supporting facts, or the habeas relief he is requesting. *See generally* ECF No. 1. Indeed, it's not even clear that Petitioner is attempting to file a habeas petition at this time. Rather, it appears he is concerned with the one-year statute of limitations. Such a placeholder motion, however, is insufficient to commence a habeas action, thus warranting summary dismissal. *E.g.*, *Hancock v. Stewart*, No. 2:21-CV-10410, 2021 WL 858955 (E.D. Mich. March 8, 2021) ("Petitioner . . . merely requests prospective tolling of the statute of limitations so that he has time to prepare a habeas petition. The case is therefore subject to summary dismissal for Petitioner's failure to comply with Rule 2." (citing *Robertson v. Eppinger*, No. 17-4107, 2018 WL 1940414, at *2 (6th Cir. Mar. 27, 2018))).

### III.

In order to appeal this Order, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Although a federal district court may grant or deny a certificate of appealability if it issues a ruling on the habeas petition, *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002), it "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," § 2254 Rules, Rule 11(a) (emphasis added).

Petitioner will be denied a certificate of appealability because has not demonstrated "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right" or "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Wright v. Shaver*, 606 F. Supp. 3d 724, 732 (E.D. Mich. 2022) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

And an appeal of this Order would not be in good faith because Petitioner's arguments against it would have no merit. *See* FED. R. APP. P. 24(a); *see Royster v. Warden, Chillicothe Corr. Inst.*, No. 17-3205, 2017 WL 8218911, at *2 (6th Cir. Sept. 29, 2017). Consequently, Petitioner may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

### IV.

Accordingly, Petitioner's Motion to Stay and Abeyance, ECF No. 1, is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Petitioner is **DENIED** a certificate of appealability.

Further, it is **ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case**.

Dated: July 19, 2023                          s/Thomas L. Ludington  
                                              THOMAS L. LUDINGTON  
                                              United States District Judge